# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4118

_____

| | | |
|---|---|---|
| Bruce Kienle, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Hunter Engineering Company and | * | **[UNPUBLISHED]** |
| Profit Sharing Plan and Trust, | * | |
| | * | |
| Defendants - Appellees, | * | |

_____

Submitted: May 13, 1999

Filed: August 11, 1999

_____

Before LOKEN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In July 1988, Bruce Kienle, a resident of New York, entered into a written sales representative agreement with Hunter Engineering Company reciting that he "shall not be considered or deemed in any way to be an employee of the Company." Kienle served as a sales representative until October 1992, earning compensation that Hunter Engineering reported on IRS Form 1099 rather than the Form W2 used for reporting employee wages. In September 1997, Kienle filed this action in the Southern District of Illinois, alleging that Hunter Engineering had violated ERISA by denying him

benefits from its Profit Sharing Plan and Trust. The case was transferred to the Eastern District of Missouri, where Hunter Engineering has its principal place of business. The district court[1] dismissed Kienle's ERISA claims as time-barred. The court concluded that the breach of fiduciary duty claim is barred by ERISA's own three-year statute of limitations, 29 U.S.C. § 1113, and the wrongful denial of benefits claim is barred by New York's six-year statute of limitations, N.Y. C.P.L.R. § 213 (McKinney), made applicable to this case by Missouri's borrowing statute, Mo. Rev. Stat. § 516.190.

Kienle appeals, arguing that his claim for wrongful denial of benefits did not accrue until September 1997, or alternatively that a new claim for benefits accrued each year. After careful review of the record, we conclude that Kienle's claims are time-barred for the reasons stated in the district court's Memorandum and Order dated November 3, 1998. Accordingly, we affirm. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.